**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO JUAN LUCIO-REYES, | No. 15-72158 |
| Petitioner, | Agency No. A200-244-005 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2019**

Before:   CANBY, GRABER, and MURGUIA, Circuit Judges.

Antonio Juan Lucio-Reyes, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, relief under the Convention Against Torture ("CAT"), and

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

voluntary departure. Our jurisdiction is governed by 8 U.S.C. § 1252. We review

de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008),

except to the extent that deference is owed to the BIA's interpretation of the

governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th

Cir. 2004). We review for substantial evidence the agency's factual findings,

*Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014), and review de novo

claims of due process violations in immigration proceedings, *Jiang v. Holder*, 754

F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for

review.

In his opening brief, Lucio-Reyes does not challenge the agency's

dispositive determination that his asylum claim is time-barred. *See Corro-

Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest

issue in opening brief resulted in waiver). Thus, we deny the petition for review as

to Lucio-Reyes's asylum claim.

The agency did not err in finding that Lucio-Reyes failed to establish

membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125,

1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group,

"[t]he applicant must 'establish that the group is (1) composed of members who

share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question.'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) (concluding that "imputed wealthy Americans" returning to Mexico does not constitute a particular social group); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) ("returning Mexicans from the United States" is too broad to qualify as a cognizable social group). Substantial evidence supports the agency's determination that Lucio-Reyes failed to establish that any harm he experienced or fears in Mexico was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Lucio-Reyes's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Lucio-Reyes failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Lucio-Reyes's contentions that the

BIA streamlined its decision and failed to provide a reasoned explanation. *See*

*Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a

due process claim).

Lastly, we lack jurisdiction to review the agency's discretionary denial of

voluntary departure. *See Corro-Barragan*, 718 F.3d at 1177 (the court's

jurisdiction over challenges to the denial of voluntary departure is limited to

constitutional claims or questions of law).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**